UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCENT A. CHISM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:12CV1821 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Movant's correspondence to the undersigned is before the Court in which he seeks an amendment to, or a reduction of, his criminal sentence. The Court has construed movant's correspondence as a motion, and it is now properly before the Court.

Movant is an inmate at the Forrest City Federal Correctional Institution in Forrest City, Arizona. For the reasons set forth below, the Court will grant movant thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion, or to consent to the Court's reclassification of the motion as one brought under 28 U.S.C. § 2255.

### Background

On November 25, 2008, movant pleaded guilty to a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute in excess of 50 grams of cocaine

base (crack). On March 3, 2009, I sentenced movant to 168 months' imprisonment and five years of supervised release. See U.S. v. Cortez Lakes, 4:08CR465 CDP (E.D. Mo.). Movant failed to appeal his conviction. To date, movant has not filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## Motion to Reduce Sentence

In his motion to reduce his sentence currently before the Court, movant seeks a reduction or modification of his sentence based on either the Supreme Court's recent case of Dorsey v. United States, 132 S. Ct. 2321 (2012), or any other reductions that could apply to the current amendments to the United States Sentencing Guidelines.[1]

## Discussion

Before reclassifying the instant petition as a § 2255 habeas corpus action, this Court must afford movant the opportunity either to withdraw the motion to amend or correct sentence or to consent to the Court's reclassification of the

---

[1] In Dorsey, the Court concluded that the more lenient mandatory minimum provisions of the Fair Sentencing Act ("FSA") apply to defendants who committed a crack cocaine offense before August 3, 2010, the date the FSA went into effect, but were sentenced after that date. Id. ("the Fair Sentencing Act's new minimums apply to all of those sentenced after August 3, 2010").

petition as a motion brought under 28 U.S.C. § 2255.  See Morales v. United States, 304 F.3d 764, 765 (8th Cir. 2002).

Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court would simply have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive movant of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive habeas petitions.  Thus, if the Court reclassifies the instant action under § 2255, movant's subsequent filing of a § 2255 motion could be dismissed as second or successive.[2]  Cf. Morales, 304 F.3d at 765.  Consequently, before reclassifying the instant action as a § 2255 motion, the Court will offer movant an opportunity either to withdraw his motion or to consent to the Court's reclassification of the motion as a motion to vacate brought under 28 U.S.C. § 2255.

---

[2]Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (enacted on April 24, 1996), amended 28 U.S.C. § 2244 by adding a one-year limitation period to petitions for writs of habeas corpus.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner shall be granted thirty (30) days from the date of this Memorandum and Order either to withdraw the instant motion to amend or correct sentence or to consent to the Court's reclassification of the motion as one brought pursuant 28 U.S.C. § 2255.  Movant shall advise the Court of his choice, in writing.

**IT IS FURTHER ORDERED** that of movant decides to pursue this action under 28 U.S.C. § 2255, he shall file an amended motion to vacate on a court-provided form within thirty (30) days of the date of this Memorandum Order.

**IT IS FURTHER ORDERED** that the Clerk shall mail to movant a copy of the Court's form Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

Dated this 3rd day of January, 2013.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE